THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RANDELL R. HALL, Defendant-Appellee.

Second District   No. 2—03—0515

———

Opinion filed August 20, 2004.

Glen R. Weber, State's Attorney, of Galena (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Randell R. Hall, was charged with unlawful possession of cannabis (720 ILCS 550/4(b) (West 2002)). He moved to quash his arrest and suppress the evidence. The trial court granted the motion. The State filed a certificate of impairment and appealed. We affirm.

On October 7, 2002, Officer Eric Hefel and Sergeant Mickey Huseman effected a traffic stop of a vehicle that had one of its headlights out. Defendant was the driver of the vehicle. Hefel approached the vehicle on the driver side and Huseman approached on the passenger side. Hefel informed defendant of the reason for the stop and asked defendant for his driver's license and insurance information. Defendant complied, and Hefel ran a computer check and discovered no outstanding warrants. He then returned the license to defendant, issued him a verbal warning, and told him that he was free to go. Defendant then asked Hefel whether he was going to be pulled over again because of the nonfunctioning headlight. Hefel responded that it was possible that other officers might pull him over. Hefel then asked defendant if he had alcohol, drugs, or weapons in the vehicle. Defendant stated that he did not. Hefel asked defendant for consent to search the vehicle, and defendant refused, stating that he was in a hurry to get home. After defendant refused to allow Hefel to search the vehicle, Hefel noticed a package of cigarette-rolling papers and several plastic "baggies" in defendant's shirt pocket. Hefel asked defendant to exit the vehicle. After defendant exited, Hefel demanded that defendant hand him the items in his shirt pocket. Defendant did so, and Hefel discovered no contraband. Hefel then searched the vehicle and found nothing illegal. Huseman then conducted a pat-down search of defendant and found marijuana in his pants pocket, and the officers placed defendant under arrest.

Defendant moved to quash his arrest and to suppress the evidence, arguing that he was unconstitutionally seized when Hefel asked him for consent to search his vehicle. The court granted the motion, finding that defendant was unconstitutionally seized when the officers searched the vehicle and conducted a pat-down search.

On appeal, the State argues that the search of the vehicle and the pat-down search of defendant did not result in an unconstitutional

seizure because the officers had a reasonable suspicion of criminal activity, based on Hefel's observation of the cigarette papers and plastic baggies. In reviewing a ruling on a motion to suppress, we reverse the trial court's findings of fact only if they are against the manifest weight of the evidence. See *People v. Rush*, 319 Ill. App. 3d 34, 38 (2001). We review *de novo* the ultimate question of whether reasonable suspicion justified the stop and the officer's subsequent actions. See *Rush*, 319 Ill. App. 3d at 38. Here, the material facts are undisputed, and thus we address only the ultimate question.

■ The temporary detention of drivers or passengers during a vehicle stop constitutes a "seizure" of "persons" within the meaning of the fourth amendment to the United States Constitution. *People v. Gonzalez*, 204 Ill. 2d 220, 225 (2003). Therefore, vehicle stops are subject to the fourth amendment's requirement of reasonableness. *Gonzalez*, 204 Ill. 2d at 226. Because a traffic stop is more analogous to a *Terry* investigative stop (see *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968)) than to a formal arrest, the reasonableness of a traffic stop is analyzed under *Terry* principles. *Gonzalez*, 204 Ill. 2d at 226.

Under *Terry*, a law enforcement officer may, within the limits of the fourth amendment, conduct a brief investigative stop of individuals, absent probable cause to arrest, provided that the officer has a reasonable, articulable suspicion of criminal activity. *Gonzalez*, 204 Ill. 2d at 227. If a detention exceeds what is permissible as a *Terry* stop, a subsequent consent to a search may be found to be tainted by the illegality. *People v. Brownlee*, 186 Ill. 2d 501, 519 (1999). A *Terry* analysis involves a dual inquiry: (1) whether the officer's action was justified at its inception, and (2) whether it was reasonably related in scope to the circumstances that justified the interference in the first place. *Gonzalez*, 204 Ill. 2d at 228. Here, there is no issue as to the lawfulness of the initial stop of the vehicle. Rather, this appeal concerns only the lawfulness of the officers' conduct following the initial stop. Therefore, only the second prong of the *Terry* analysis is at issue.

The State devotes its argument on appeal to the legality of the search of the vehicle and the pat-down search of defendant. However, in addressing whether the detention was valid under *Terry*, we must first consider Hefel's questioning of defendant. In determining whether police questioning during the course of a traffic stop satisfies the second prong of the *Terry* analysis, we follow the framework set out in *Gonzalez*. Under that framework, we must first determine whether the questioning was related to the initial purpose of the stop. If so, no fourth amendment violation occurred. *Gonzalez*, 204 Ill. 2d at 235. If the questioning was not reasonably related to the purpose of

the stop, we must next consider whether the law enforcement officer had a reasonable, articulable suspicion that justified the questioning. If the questioning was justified, no fourth amendment violation occurred. *Gonzalez*, 204 Ill. 2d at 235. Finally, in the absence of a reasonable connection to the purpose of the stop or a reasonable, articulable suspicion of criminal conduct, we must consider whether, in light of all the circumstances and common sense, the questioning impermissibly prolonged the detention or changed the fundamental nature of the stop. *Gonzalez*, 204 Ill. 2d at 235.

■ Applying the *Gonzalez* framework, we hold that Hefel's questioning fails to satisfy the second prong of the *Terry* analysis. After Hefel stated that defendant was free to go, he asked whether defendant had any contraband and asked for consent to search the vehicle. These questions were clearly unrelated to the initial purpose of the stop, the nonfunctioning headlight.

Because the questions were not related to the initial purpose of the stop, we next consider whether Hefel had a reasonable, articulable suspicion that justified the questioning. The State, which confines its argument on appeal to the legality of the search of the vehicle and the pat-down search, does not offer any justification for these questions. Moreover, the State's proffered reasons for the subsequent search and pat-down, Hefel's observation of the cigarette papers and plastic baggies, do not help the State here. Hefel's observation of these items did not occur until *after* he had asked defendant about contraband and for consent to search the vehicle, and thus cannot constitute reasonable suspicion to justify those questions.

Because Hefel's questions were not related to the purpose of the stop and were not supported by a reasonable, articulable suspicion of criminal conduct, we next consider whether the questioning prolonged defendant's detention or changed the fundamental nature of the stop. In *People v. Bunch*, 207 Ill. 2d 7, 17 (2003), the court held that questioning that occurred after the purpose of the stop had concluded impermissibly prolonged the detention of the defendant. Such is the case here. Hefel stopped the vehicle because one of its headlights was out. Once Hefel gave defendant a warning and said he was free to go, the purpose of the stop was complete. Hefel then asked defendant whether he had contraband and for consent to search the car. Because these questions occurred after the purpose of the stop was completed, the questions impermissibly prolonged defendant's detention. See *Bunch*, 207 Ill. 2d at 17.

Moreover, the questioning changed the fundamental nature of the stop. To issue defendant a warning for a nonfunctioning headlight, Hefel needed only to obtain defendant's license and registration, run a

computer check, and issue a warning. By asking whether defendant had contraband and asking to search the car, Hefel converted a routine traffic stop into a fishing expedition. See *People v. Leigh*, 341 Ill. App. 3d 492, 497 (2003).

Accordingly, defendant's detention, following the conclusion of the purpose of the traffic stop, was unreasonable within the meaning of the fourth amendment and tainted the resulting discovery of the marijuana. See *Bunch*, 207 Ill. 2d at 20.

The judgment of the circuit court of Jo Daviess County is affirmed.

Affirmed.

McLAREN and CALLUM, JJ., concur.